## AUBRY SISTERS v. CREME DE MOHR CO., Inc., et al.

(Circuit Court of Appeals, Second Circuit. February 10, 1913.)

### No. 109.

TRADE-MARKS AND TRADE-NAMES (§ 60*)—INFRINGEMENT—LABELS.

A trade-mark for a face cream, designed to be printed on a label and placed on the top of the jar containing the preparation, *held* not infringed by the label of another manufacturer, on which different colors and lettering were used, and which resembled that of complainants only in that both contained a picture of a woman's head surrounded by a circle.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 73, 74; Dec. Dig. § 60.*

Misleading or false labels, see notes to Raymond v. Royal Baking Powder Co., 29 C. C. A. 250; Holeproof Hosiery Co. v. Wallach Bros., 97 C. C. A. 265.]

Appeal from the District Court of the United States for the Southern District of New York; George C. Holt, Judge.

Suit in equity by Aubry Sisters against the Creme de Mohr Company, Incorporated, and Siegfried Mohr. Decree for defendants, and complainants appeal. Affirmed.

C. P. Goepel, of New York City, for appellants.

Louis J. Rosett, of New York City, for appellees.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

COXE, Circuit Judge. This is a trade-mark case pure and simple. It is based upon a registered trade-mark which consists of a drawing showing a circular center containing a woman's face, and, in a circle around the head, the words "Aubry Sisters Beautifier." The words are printed so that the first two appear in the upper segment of the circle and the last in the lower segment, with figures resembling maltese crosses between the proper name and the descriptive name. A third circle is drawn around the circle containing the names leaving a blank space between the two outer circles. In practice the trade-mark is placed on the top of the jar containing the pharmaceutical preparation, the picture being in black and white, with a vermilion border around it in which appears the letters, as before stated, printed in white or black. The defendants have a woman's head in the center of their labels with a green border surrounding it, on which are printed the words "De Mohr Cream Face Powder" with crosses before and after the name "De Mohr."

Practically the only resemblance between the two labels is the fact that both have a woman's head in the center. In every other respect they are essentially different and no one who really desired to purchase the complainants' product could be induced to take the defendants' in place thereof. The trade-mark makes no mention of color, it is shown only in black and white and the description does not intimate that any part may be colored. Even if this were otherwise, the defendants, as before stated, use green where the complainants use red. The proof is wholly inadequate to establish infringement.

The decree is affirmed with costs.